IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff/Respondent,**

v.                                                      **No. CV 11-0559 JC/LAM**
                                                                   **CR 09-0209 JC**

**JOSE RAUL PELAEZ-DE LA O,**

       **Defendant/Movant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant (hereinafter "Defendant") Jose Raul Pelaez-De La O's Section 2255 motion [*Doc. 1*],[2] filed March 31, 2011. Plaintiff/Respondent (hereinafter "the Government") filed a response to the Section 2255 motion on September 12, 2011. [*Doc. 7*]. Defendant/Movant did not file a reply and the time for doing so has passed. Senior United States District Judge John E. Conway referred the claims raised in the motion to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 9*]. Having considered the parties' submissions, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-09-0209, the undersigned recommends, for the reasons set forth below, that the claims raised in ***Jose Raul Pelaez-De La O's***

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-11-0559, and all page number references are to the electronic page numbers listed in the PDF header at the top of the document in the CM-ECF docket.

*Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 (Doc. 1)* be **DENIED** and that Case No. CIV-11-0559 be **DISMISSED with prejudice**.

### Factual and Procedural Background

On January 29, 2009, Defendant pled guilty to a violation of 18 U.S.C. § 4, Misprision of a Felony. [*Doc. 27*, filed in Case No. CR-09-0209, at 2]. The plea agreement provided that Defendant would receive a two-level reduction pursuant to U.S.S.G. §3E1.1(a) for accepting responsibility for his criminal conduct. *Id.* at 3. On April 20, 2009, Defendant was sentenced to two years probation with special conditions and a $100.00 special penalty assessment. [*Doc. 32*, filed in Case No. CR-09-0209]. Defendant filed his Section 2255 motion on March 31, 2011. The Court reviews Defendant's *pro se* pleadings under a liberal standard. *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007). However, the Court may not act as his advocate in this proceeding. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### Discussion

In his Section 2255 motion, Defendant asks the Court to vacate his conviction because he alleges his counsel failed to provide him correct advice as to the immigration consequences of pleading guilty, contrary to the holding in *Padilla v. Kentucky*, -- U.S. --, 130 S. Ct. 1473 (2010). [*Doc. 1* at 1]. Defendant states that he "informed his attorney that he would want to be able to travel to Cuba to visit his family there and be able to travel back into the United States," and that his counsel advised him that his immigration status would not be adversely affected by his guilty plea. *Id.* at 2-3. Defendant states that he has learned from an immigration attorney that his conviction is for a deportable offense under the immigration laws of the United States. *Id.* at 3. Defendant states that, as a Cuban national, he will not be physically removed from the United States, but he is precluded from traveling outside the United States because of his conviction. *Id.* Defendant claims

that his counsel was ineffective pursuant to the holding of *Padilla* because he did not advise Defendant of this consequence. *Id.* at 3-4.

The Government contends that Defendant's motion should be dismissed because his immigration concerns are not ripe for review, so the Court lacks jurisdiction to hear this claim. [*Doc. 7* at 3-5]. The Government states that the issue is not ripe for review because Defendant is not currently subject to any negative immigration consequences of his plea. *Id.* at 4-5. The Government relies on the holding in *United States v. Verners*, No. 01-5000, 15 Fed. Appx. 657, 660, 2001 WL 811719 (10th Cir. July 17, 2001) (unpublished) for its contention. *Id.* at 4. In *Verners*, the Tenth Circuit held that a motion to toll the statute of limitations to file a Section 2255 motion based on equitable tolling was not ripe for review when the Section 2255 motion had not yet been filed. 15 Fed. Appx. at 660. The Tenth Circuit explained that, "until a § 2255 motion is actually filed and the affirmative defense of the statute of limitations actually raised, the propriety of equitable tolling is purely an abstract concern." *Id.* The Court finds that the holding in *Verners* is not applicable to this case. Here, Defendant has filed a Section 2255 motion claiming ineffective assistance of counsel, which, if proven, can be grounds for overturning his conviction. The negative consequence of Defendant's counsel's alleged deficient performance is that Defendant pled guilty not knowing that the conviction for that crime would make him subjecto deportation. This is a concrete negative consequence, and therefore, Defendant's ineffective assistance of counsel claim is not an "abstract concern," and is ripe for review. The Government cites to no cases, nor does the Court find any, that require that a defendant must be facing deportation to be able to challenge a conviction for ineffective assistance of counsel based on advice related to immigration consequences. Therefore, the Court finds that this case is ripe for review.

The Government also contends that Defendant's motion should be dismissed because he is not in custody, so Section 2255 does not apply. [*Doc. 7* at 5]. Section 2255(a) provides that a movant must be "in custody" to be eligible for relief under Section 2255. Defendant was sentenced to two years probation on April 20, 2009 [*Doc. 32*, filed in Case No. CR-09-0209], so, when Defendant filed his Section 2255 motion, he was still on probation. The "in custody" requirement is met when a movant is on probation, and the case is not mooted because the movant completes probation. *See U.S. v. Fabiano*, No. 01-1213, 42 Fed. Appx. 408, 411, 2002 WL 1584293 (10th Cir. July 18, 2002) (unpublished) (finding that movant was "in custody" for purposes of Section 2255 because he was on supervised release at the time he filed the motion and his case was not mooted by the fact that he completed probation "because collateral consequences from conviction preserved his stake in outcome.") (citation omitted); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir.1992), abrogation by statute on other grounds recognized by *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011), (finding that probationary status constituted "in custody" to permit habeas relief, and that completion of probation did not moot petition as long as petition was filed during the probationary period and the conviction will have adverse collateral consequences). The Court, therefore, finds that Defendant was "in custody" pursuant to Section 2255(a) when he filed his Section 2255 motion.

Next, the Government contends that Defendant's motion should be dismissed because it is untimely. [*Doc. 7* at 5-7]. The Court agrees. A defendant must file a Section 2255 motion within one year of the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1). The Court entered a judgment in Defendant's criminal case on April 23, 2009 [*Doc. 33*, filed in Case No. CR-09-0209], and Defendant's conviction became final ten days after that date. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir.2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.")

(citation omitted); Fed. R. App. P. 4(b)(1)(A) (2005) (providing that a notice of appeal in a criminal case must be filed within 10 days of the entry of judgment). Accordingly, Defendant had until May 7, 2009 in which to appeal his conviction, and until May 7, 2010 in which to file his Section 2255 motion.[3] Defendant filed his Section 2255 motion on March 31, 2011, well after the one-year limitations period expired. Under Section 2255(f)(3), the one-year limitations period to file a Section 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Section 2255(f)(3). Defendant contends that his motion is timely because *Padilla* was decided on March 31, 2010, and the holding in that case created a new rule that applies retroactively. [*Doc. 1* at 22-23]. The Tenth Circuit, however, in *United States v. Hong*, --- F.3d ---, 2011 WL 3805763 (10th Cir. 2011), held that *Padilla* does not apply retroactively to Section 2255 cases. 2011 WL 3805763 at *2 ("*Padilla* does not apply retroactively to cases on collateral review. Therefore, § 2255(f)(3) does not apply, and Hong's § 2255 motion was untimely under Section 2255(f)(1)."). Defendant's Section 2255 motion, therefore, is untimely and should be dismissed.

---

[3]On December 1, 2009, the Federal Rules of Appellate Procedure were changed to require that an appeal be filed within 14 calendar days of a judgment being entered, where previously an appeal was due within 10 business days of a judgment being entered, and not counting intervening holidays and weekends. *See* Advisory Committee's Note for 2009 Amendments.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in *Jose Raul Pelaez-De La O's Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 (Doc. 1)* be **DENIED** and that Case No. CIV-09-0209 be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**