IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

**v.**　　　　　　　　　　　　　　　　　　**No. CV 11-0559 JC/LAM**
　　　　　　　　　　　　　　　　　　　　　**CR 09-0209 JC**

**JOSE RAUL PELAEZ-DE LA O,**

      **Defendant/Movant.**

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition (Doc. 10)* (hereinafter "PF&RD"), filed on December 15, 2011. On January 17, 2012, Defendant/Movant Jose Raul Pelaez-De La O filed objections to the PF&RD. [*Doc. 13*]. Plaintiff/Respondent did not file any objections to the PF&RD nor did it respond to Mr. Pelaez-De La O's objections, and the deadlines for doing so have passed. The Court has reviewed the PF&RD and Mr. Pelaez-De La O's objections and finds that his objections are without merit. Accordingly, the Court will: (1) overrule Mr. Pelaez-De La O's objections as meritless; (2) adopt the PF&RD; (3) deny *Jose Raul Pelaez-De La O's Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 (Doc. 1)*; and (4) enter a judgment dismissing this case with prejudice.

In the PF&RD, the Magistrate Judge found that Mr. Pelaez-De La O's Section 2255 motion was untimely because it was filed outside the one-year time period in 28 U.S.C. § 2255(f)(1), and further found that, because the holding in *Padilla v. Kentucky*, -- U.S. --, 130 S.Ct. 1473 (2010) does not apply retroactively, Mr. Pelaez-De La O's Section 2255 motion is also untimely under 28 U.S.C. § 2255(f)(3). [*Doc. 10* at 4-5] (citing *United States v. Hong*, --- F.3d ---,

2011 WL 3805763 (10th Cir. 2011) ("*Padilla* does not apply retroactively to cases on collateral review."). Mr. Pelaez-De La O objects to the Magistrate Judge's finding that his Section 2255 motion was not timely, contending that, even though the Tenth Circuit has held that *Padilla* does not apply retroactively to Section 2255 cases, "the issue of the retroactivity of **Padilla** is a live issue in the courts nationally, and there are [sic] a diversity of views on this subject." [*Doc. 13* at 4]. Mr. Pelaez-De La O states that "[a]lthough the Tenth Circuit's decision [in *Hong*] may be binding on this Court, it is likely that the Tenth Circuit's word on this subject will not be the final word." *Id.* Mr. Pelaez-De La O asks the Court to "hold in abeyance a decision on the retroactive application of **Padilla** until the United States Supreme Court decides this matter[, or i]n the alternative . . . that the Court hold that **Padilla** applies retroactively to Mr. Pelaez's case." *Id.*

The Court finds that the Magistrate Judge was correct in following the binding precedent of the *Hong* decision. Mr. Pelaez-De La O contends that the holding in *Hong* is not controlling because the issue there was the issuance of a certificate of appealability. [*Doc. 13* at 22-23]. The Court disagrees. The standard for issuing a certificate of appealability is whether the appellant "has made a substantial showing of the denial of a constitutional right." *Hong*, 2011 WL 3805763, at *2 (citation and internal quotation marks omitted). The Tenth Circuit in *Hong* determined that *Padilla* was not retroactive and Mr. Hong's Section 2255 motion was, therefore, untimely. *Id.* at *10. The Tenth Circuit's holding is not limited to whether a certificate of appealability should be issued. Instead, the Tenth Circuit held that *Padilla* does not apply retroactively to cases on collateral review, which encompasses Mr. Pelaez-De La O's Section 2255 motion. The Court is bound by this holding and finds that Mr. Pelaez-De La O's objection is without merit.

The Court further declines to hold its decision on Mr. Pelaez-De La O's Section 2255 motion in abeyance. While the United States Supreme Court may one day decide whether the holding of

*Padilla* should apply retroactively, the United States Supreme Court has not granted a writ of certiorari on this issue as of this date.  The Court declines to hold its decision or this case in abeyance absent a more definite posture of the case before the United States Supreme Court.  For these reasons, the Court finds that Mr. Pelaez-De La O's objections are without merit and shall be overruled.

**IT IS THEREFORE ORDERED** that Mr. Pelaez-De La O's objections to the PF&RD [*Doc. 13*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's *Proposed Findings and Recommended Disposition (Doc. 10)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that *Jose Raul Pelaez-De La O's Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 (Doc. 1)* is **DENIED**.

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**HONORABLE JOHN E. CONWAY**
**SENIOR UNITED STATES DISTRICT JUDGE**